# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* IRVIN, Minors.

UNPUBLISHED
June 30, 2016

No. 329226
Ingham Circuit Court
Family Division
LC No. 13-001077-NA

Before: Meter, P.J., and Shapiro and O'Brien, JJ.

PER CURIAM.

Respondent appeals by right from an order terminating his parental rights to his children, MI and KI, pursuant to MCL 712A.19b(3)(g) (failure to provide proper care and custody) and MCL 712A.19b(3)(j) (reasonable likelihood of harm). We affirm.

In May 2013, the children were removed from their mother's care because of ongoing concerns about domestic violence and substance abuse.[1] Respondent was unable to take placement at that time because a warrant had been issued for his arrest due to a probation violation. The children were placed in the care of their paternal grandmother, and, because of respondent's outstanding warrant, the trial court "suspended" his parenting time. Respondent was ordered to comply with and benefit from the initial services plan, which was completed in June 2013. Petitioner identified five areas of concern with regard to respondent: (1) emotional stability and anger management, (2) parenting skills, (3) domestic relations, (4) sexual abuse concerns, and (5) communication and interpersonal skills.

For the first eleven months, respondent did not participate in any services, and he had only limited contact with the children, including a single visit, two phone calls, and some written correspondence. In January 2014, respondent was arrested on his outstanding warrants and he was incarcerated until April 18, 2014. Thereafter, he began participating in services, including supervised parenting time, a psychological evaluation, an Alternative to Violence (ATV) class, substance abuse screens, individual therapy, foster care case management, and family team meetings.

---

[1] Although the Department of Health and Human Services (DHHS) filed a petition to terminate the parental rights of the children's mother, it appears that she voluntarily released her parental rights in July 2015.

-1-

According to petitioner, respondent failed to show a consistent benefit from the offered services. The record reflects that, throughout the case, respondent's caseworkers had difficulty communicating with him because he was hostile and made threats verbally and by email. There was also testimony that he missed 41 out of 62 offered parenting times and did not recognize his children's need for stability in parenting time visits. This inconsistency in parenting time negatively affected the children, who, in addition to inconsistent parenting time, had to endure four different placements from removal in 2013 through termination in 2015.

Deborah Delcamp, one of MI's therapists, observed parenting time visits and provided respondent with feedback on how to better meet his children's emotional and behavioral needs. She opined that respondent had not benefited from services and failed to understand MI's emotional needs and how her past traumas affected her current needs. Respondent agreed that he did not benefit from Delcamp's services, but added that he thought that he had recently started making progress. He stated that he now understands that MI needs more consistency and needs emotional help. A caseworker, however, testified that despite services, respondent's parenting abilities were "minimal" in relation to what MI needs. The caseworker explained that despite MI's great need for permanence and stability, respondent still missed many visits and struggled with recognizing MI's emotional needs. Finally, there was also testimony that KI exhibited anxiety from the inconsistent visits and that respondent had difficulty engaging him during visits.

In April 2015, approximately 23 months after the children came into care, the trial court ordered petitioner to file a petition to terminate respondent's parental rights. Following a termination hearing, the trial court found grounds to terminate respondent's parental rights under MCL 712A.19b(3)(g) and (j). The court also found that termination of respondent's parental rights was in the children's best interests.

On appeal, respondent first argues that the trial court clearly erred in finding statutory grounds to terminate his parental rights and in finding that termination was in the children's best interests.[2] We disagree.

The trial court may find statutory grounds to terminate under MCL 712A.19b(3)(g) if it finds clear and convincing evidence that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." This statutory ground requires two findings: the parent previously failed to provide proper care or custody for the child and the parent currently cannot provide proper care and custody for the child. *In re Hulbert*, 186 Mich App 600, 605; 465 NW2d 36 (1990). We have affirmed termination under this subsection where there has only been minimal compliance with a case

---

[2] To terminate parental rights, the trial court must find by clear and convincing evidence one statutory ground for termination of parental rights under MCL 712A.19b(3). *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). We review a trial court's determination of whether statutory grounds exist to terminate parental rights for clear error. *In re Trejo*, 462 Mich 341, 356-357, 373; 612 NW2d 407 (2000).

services plan. *In re BZ*, 264 Mich App 286, 297-301; 690 NW2d 505 (2004). We have also affirmed termination where a parent fails to benefit from a treatment plan. *In re Trejo*, 462 Mich 341, 361, 373; 612 NW2d 407 (2000).

As discussed above, respondent was unable to provide care and custody for the first eleven months, and once he began services after release from probation, he displayed continuing hostility to caseworkers and an inability to address his children's needs. Both children exhibited continuing problems with the lack of consistency and permanence in their lives; however, despite those problems, respondent was inconsistent in attending parenting time and by his own admission failed to benefit from offered services.

In addition, respondent underwent a court-ordered psychological assessment in 2014 by Dr. Shannon Lowder, who diagnosed him with "personality disorder, NOS with narcissistic and antisocial features." Respondent disagreed with that assessment and never received treatment for this diagnosis despite the fact that his caseworker believed it was necessary. Respondent did present evidence of other psychological assessments in which the assessing doctors either concluded that respondent was free of psychological diagnoses, or that rather than having a personality disorder, respondent instead suffered from major depressive disorder, generalized anxiety disorder, and social anxiety disorder. The trial court found Dr. Lowder's assessment of a personality disorder to be accurate and although there was conflicting evidence regarding Dr. Lowder's opinions, we defer to a "trial court's credibility determination." *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009). Further, the trial court found that respondent had failed to give an accurate report of himself to his therapists. Based on the foregoing, we conclude that the trial court did not clearly err in finding by clear and convincing evidence that statutory grounds existed under MCL 712A.19b(3)(g).[3]

Respondent also argues that the trial court erred in finding that termination of his parental rights was in his children's best interests. We disagree.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss Minors*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (internal citations omitted).

---

[3] Because we conclude that there was no error in finding grounds for termination of parental rights under subsection (g), we decline to consider whether there were alternative grounds under MCL 712A.19b(3)(j).

Again, the record reflects the children's great need for permanence and stability, and respondent's inability to provide it. In addition, although there was testimony that the children had a bond with respondent, a caseworker testified that MI in particular did not see respondent as a caretaker. The record reflects that MI was, however, incredibly bonded with her current foster parents and had made a lot of progress in their home. Further, KI also appeared to be doing well in foster care. Accordingly, based on the record in this case, the trial court did not err in finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien